## Case No. 8,925.

McQUIRK et al. v. The PENELOPE.

[2 Pet. Adm. 276.] [1]

District Court, D. Pennsylvania 1806.

SEAMEN'S WAGES—SHIPS LOST BY CAPTURE—INSURANCE PAID.

1. Wages, otherwise lost, were claimed because the merchant had received insurance on the freight. and refused.

[See Adams v. The Sophia, Case No. 65.]

2. Wages cannot be insured.

[Cited in Joy v. Allen, Case No. 7,552.]

3. Seamen contract. with full knowledge of the course and nature of our trade.

[1] [Reported by Richard Peters. Jr., Esq.]

4. Freight paid by captors, wages decreed, refused, if the loss is paid by the insurers.

A claim for wages for the voyage was instituted against a merchant, whose ship had been carried in by a belligerent, adjudicated, and ship and cargo condemned in the court of the captor. A point was made, that the owners had received insurance on the freight, and thereby the fund for paying wages was restored.

BY THE COURT. This point has often been made and over-ruled, and must be at rest, in this court. I have constantly held, that the insurers have all benefits accruing to the owner; and are not answerable to mariners, nor is the owner, in such cases. The fund for paying wages was lost to the owner by the condemnation. as much as if no insurance had been made. Seamen cannot, it is held, directly, insure wages; and if so, it ought not to be done circuitously, through the owner, who would in that case, lose so much of the insurance, for which he, and not the mariners, paid a premium. If, indeed, a ship be forfeited by the misconduct of the owner, and the seamen are not amenable to consequences, this may be shewn against the owner, whether he is insured or not. The contract for insurance is between the owner and underwriters; and the seamen are third persons, neither parties or privies to the agreement. If the freight be lost, the claims of mariners cannot be aided by the precaution of the merchant, who for compensation, procures others to bear his risks. Seamen generally know, as well as merchants, the nature of our commerce; and enter into contracts, under its circumstances. Freight being lost, is the ground of recovery against underwriters; but it is the reverse, as between owners and seamen. Capture, as much as wreck, extinguishes the fund, if the loss be total; and there is no difference between the effects of loss, in the one case or the other. In some instances, where the goods were condemned, and the freight paid by the captors,[2] I have allowed wages to the seamen, but never where losses have been paid by underwriters. I consider the cases to stand on very different grounds. The freight is saved. by treaty or the laws of nations, in the case of payment by captors. and there is no difference, quoad hoc, whether the ship had earned it, by arrival at her port, or the amount paid in this way; but in the latter case, the freight must be actually lost to the owner, to induce a payment by the underwriters, not of the freight, but (for a reward previously given) an equivalent, or compensation, for its loss.

[2] The ancient laws forfeited the ship carrying contraband; but modern practice is to let the ship go free, unless the contraband articles also belong to the owner of the ship. or he is fraudulently concerned in the transaction. The freight is always forfeited on contraband. On enemy's goods it is paid to the neutral owner. 3 Rob. Prac. (Phila. Ed.) 182, 183.